UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY ALAN RICHARDSON,

    Petitioner,

v.

W. L. MONTGOMERY,

    Respondent.

Case No. 16-cv-05639-WHO (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Jerry Alan Richardson seeks federal habeas relief from his state convictions. The amended petition for such relief has been reviewed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases and has been found to state cognizable claims. Accordingly, respondent shall file an answer or dispositive motion in response to the amended habeas petition on or before **March 20, 2017**, unless an extension is granted.

Richardson has filed a motion for an evidentiary hearing (Dkt. No. 4), a motion for discovery (Dkt. No. 3), and a motion for leave to file an amended petition (Dkt. No. 6). For the reasons discussed below, Richardson's motion for an evidentiary hearing (Dkt. No. 4) is DENIED. The Court will rule on his motion for discovery at a later date. Respondent shall file a response to the discovery motion on or before **February 21, 2017**, unless an

1 extension is granted.  His motion for leave to file an amended petition (Dkt. No. 6) is
2 GRANTED.

## BACKGROUND

According to the petition, in 2012, a Santa Clara County Superior Court jury convicted Richardson of carjacking, robbery, and the theft and unlawful driving or taking of a vehicle.  Richardson admitted the truth of the sentencing allegations and received a sentence of 22½ years to life in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Richardson claims that (1) the prosecutor committed misconduct, which included the failure to disclose exculpatory evidence; and (3) defense counsel rendered ineffective assistance.  When liberally construed, these claims are cognizable on federal habeas review.

## MOTIONS

Richardson moves for an evidentiary hearing, discovery, and leave to file an amended petition.  (Dkt. Nos. 3, 4 and 6.)

His motion for an evidentiary hearing (Dkt. No. 4) is DENIED as premature.  After the Court has reviewed the merits of Richardson's claims, it will decide whether an evidentiary hearing is warranted.

In his motion for discovery (Dkt. No. 3), Richardson asks for (1) a forensic report from the Toyota Corolla; (2) internal data from his cell phone; and (3) a police report.

Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery may be taken only to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ." *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). To determine whether good cause exists to allow discovery by petitioner, this Court will consider the nature of the habeas claim for which discovery is sought, the sort of discovery requested, the purported need for the discovery, and the value the discovery might have in the federal habeas proceedings.

In order to determine whether good cause exists to allow discovery, the Court requires briefing from respondent. Accordingly, respondent shall file a response to the discovery motion on or before **February 20, 2017**, unless an extension is granted.

Richardson's motion for leave to file an amended petition is GRANTED. The amended petition is the operative pleading in this action.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the amended petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously

3

1  have been transcribed and that are relevant to a determination of the issues presented by
2  the petition.
3       3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse
4  with the Court and serving it on respondent's counsel within thirty (30) days of the date the
5  answer is filed.
6       4. In lieu of an answer, respondent may file, within sixty (60) days of the date this
7  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
8  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent
9  files such a motion, petitioner shall file with the Court and serve on respondent an
10 opposition or statement of non-opposition within thirty (30) days of the date the motion is
11 filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen
12 (15) days of the date any opposition is filed.
13      5. Petitioner is reminded that all communications with the Court must be served on
14 respondent by mailing a true copy of the document to respondent's counsel.
15      6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
16 Court and respondent informed of any change of address and must comply with the
17 Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this
18 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
19      7. Upon a showing of good cause, requests for a reasonable extension of time will
20 be granted provided they are filed on or before the deadline they seek to extend.
21      8. Richardson's motion to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED.
22      9. Richardson's motion for an evidentiary hearing (Dkt. No. 4) is DENIED.
23      10. His motion for leave to file an amended petition (Dkt. No. 6) is GRANTED.
24      11. The Clerk shall terminate Dkt. Nos. 2, 4 and 6.
25      **IT IS SO ORDERED.**
26 **Dated:** January 6, 2017



WILLIAM H. ORRICK
United States District Judge