United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ALAN RICHARDSON,<br>　　　　Petitioner,<br>　v.<br>W. L. MONTGOMERY,<br>　　　　Respondent. | Case No. 16-cv-05639-WHO (PR)<br><br>**ORDER DENYING "NEXT FRIEND" MOTION**<br><br>Dkt. No. 14 |

　　Petitioner Jerry Richardson moves to have his former cellmate, Eugene Cuypers, proceed as his "next friend" in this habeas action. (Dkt. No. 14.) Because Cuypers, not Richardson, must make this sort of request, the motion is DENIED.

　　A person other than the detained person may file an application for a writ of habeas corpus and establish standing as a "next friend." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.*

　　There are two firmly rooted prerequisites to next friend standing. First, a next friend "must provide an adequate explanation — such as inaccessibility, mental incompetency, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. Second, the next friend "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has

been further suggested that a next friend must have some significant relationship with the real party in interest."[1] *Id.* at 163-164. The purported next friend bears the burden "to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted). These limitations on the next friend doctrine are driven by the recognition that "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* (citation omitted).

Richardson's motion is DENIED because it is Cuypers, not Richardson, who must make the motion and "establish the propriety of his status." *Id.* at 163.

Richardson asks the Court to take notice of the declaration Cuypers filed with Richardson's motion for the appointment of counsel. The declaration is insufficient to establish the propriety of Cuypers's being recognized as the next friend. First, it addressed whether the Court should appoint counsel, not whether Cuypers should be the next friend. Second, the declaration does not address the problems that will arise now that Cuypers has been transferred to a prison in Minnesota. If Cuypers files a next friend request, he must address the effect of his transfer and how he can dedicate himself to Richardson's "best interests" from such a distance.

The Court extends the traverse deadline to May 22, 2017.

The Clerk shall terminate Dkt. No. 14.

**IT IS SO ORDERED.**

**Dated:** March 29, 2017

WILLIAM H. ORRICK
United States District Judge

---

[1] In its discussion of the "significant relationship" issue, the Court cited *Davis v. Austin*, 492 F. Supp. 273, 275-276 (N.D. Ga. 1980) in which a minister and first cousin of prisoner was denied "next friend" standing.