UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ALAN RICHARDSON,<br><br>Petitioner,<br><br>v.<br><br>W. L. MONTGOMERY,<br><br>Respondent. | Case No. 16-cv-05639-WHO (PR)<br><br>**ORDER DENYING MOTION FOR DISCOVERY;**<br><br>**ORDER DENYING MOTION TO AMEND PETITION**<br><br>Dkt. Nos. 3, 19 |

## INTRODUCTION

Petitioner Jerry Alan Richardson moves in this habeas action for discovery of (1) a forensic report from a Toyota Corolla involved in the underlying kidnapping crime for which he was convicted, (2) internal data from his cell phone, and (3) police reports allegedly not given to his lawyer. (Mot. for Discovery ("MFD"), Dkt. No. 3 at 2.) He contends that these materials will show that the prosecutor committed misconduct and that trial counsel rendered ineffective assistance. However, the first two categories do not exist and he lacks specific, objective and concrete factual evidence tending to support the existence of and need for any of the discovery. His motion for discovery is DENIED.

## BACKGROUND

Richardson was convicted on charges arising from the kidnapping of Anthony Patino. At roughly 3:30am on July 18, 2011 in San Jose, Patino parked his sister's

boyfriend's Toyota Corolla. (Dkt. No. 15, Ex. H (State Appellate Opinion) at 5.) As he walked to his house, he was confronted by a masked gunman, who forced Patino back into the car and directed him to drive. (*Id.*) Another car, Patino's stepfather's Isuzu Trooper, which had been parked nearby, followed. (*Id.*) Eventually, the gunman ordered Patino to stop and step out of the car. (*Id.*) He then robbed Patino of his belongings, blindfolded him, drove him to a shed and locked him inside. (*Id.* at 6.)

As daylight broke, the gunman returned. He put Patino, still blindfolded, in the backseat of the Corolla and then drove. (*Id.*) During the drive, Patino heard the gunman talk to someone by telephone or to someone who was in the car. (*Id.* at 6-7.) After the car stopped, Patino heard a woman ask, "Who's that?" (*Id.*) The gunman said, "Some kid. I had to take him." (*Id.*) She reprimanded the gunman as "stupid" for taking Patino. (*Id.*) The gunman told her to follow him. (*Id.*) When the car stopped again, Patino was dropped off and instructed to count to one hundred before removing the blindfold. (*Id.*) When he took it off, he saw that he was in a Lowe's parking lot, which he thought was not far from the shed. (*Id.*) The Corolla was there with the keys in it. Patino drove to his house and called the police, who soon located the Isuzu. (*Id.*)

The police investigation led to Richardson's friend John Reed, in whose apartment the police found items taken from the Isuzu.[1] (*Id.* at 3.) Tools for stealing cars, including keys shaped to fit a Toyota's locks, were also found there. (Opp. at 2.) Reed's cell phone records show that there were four calls to or from Richardson's phone to Reed's on July 19th, the day after the kidnapping. (*Id.*) There were also 21 calls or texts between the two phones on July 20th. (*Id.*) One July 20th text message from Richardson was sent at 10:30am, that is, after the police found the Isuzu. (*Id.*) It read, "Cops got trooper. Where you at? j. phone." (*Id.*)

---

[1] Reed admitted to police that he and Richardson committed the charged crimes. (Pet., Dkt. No. 8, Supporting Document B.) This statement was not admitted at trial, according to respondent. (Opp. at 2-3.)

2

1   A search of the Isuzu yielded a DNA sample to which Richardson was a "possible

2   contributor" and a fingerprint that matched one of Richardson's that was on file with the

3   police. (*Id.*)

4   At trial, the prosecutor contended Reed was the lookout while petitioner broke into

5   and drove the Isuzu. (*Id.* at 3.)

## DISCUSSION

Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery may be taken only to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted). The Supreme Court approved of Bracy's request because his claims "were framed in specific terms and were supported by objective, concrete factual evidence tending to support his theory." *Murphy v. Johnson*, 205 F.3d 809, 813-814 (5th Cir. 2000). "Specific," "objective," and "concrete" are the watchwords here. "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Richardson seeks a forensic report from the Toyota Corolla, internal data from his cell phone and some police reports. (MFD at 2.) He contends that such materials will show that the prosecutor committed misconduct and that trial counsel rendered ineffective assistance. (*Id.*) To determine whether Richardson is entitled to discovery, the Court must consider the nature of the habeas claim for which discovery is sought, the sort of discovery requested, the purported need for the discovery, and the value the discovery might have in the federal habeas proceedings.

The prosecution must disclose material evidence "favorable to an accused." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In order to establish a *Brady* violation, petitioner must show that: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence had been suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. *Banks v. Dretke*, 540 U.S. 668, 691 (2004).

In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish that (1) counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *Strickland v. Washington*, 466 U.S. 668, 687-668 (1984), and (2) he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1. Forensic Report from the Toyota Corolla

There are several reasons not to grant this discovery request. First, no such report exists. (Opp. at 7.) Second, such a report cannot be generated. (*Id.* at 8.) The crime occurred roughly six years ago, and there "is no reason to believe physical evidence from the Corolla was preserved." (*Id.*) Third, Richardson offers only speculation that such a report would entitle him to relief. These facts doom Richardson's claims that the prosecutor withheld exculpatory evidence or that counsel rendered ineffective assistance. We do not (and cannot) know what such a report would have said or not said, let alone whether such evidence was exculpatory. Nor can we know whether the failure to procure such evidence constitutes a deficient performance by counsel. We also cannot know there is a reasonable probability that but for counsel's allegedly deficient performance the result of the proceeding would have been different. Fourth, even if the Toyota Corolla showed no evidence of Richardson's involvement, the Isuzu Trooper contained evidence of his participation--his fingerprint and the DNA sample to which he was a "possible contributor."

4

The Court notes that the state superior court thought the forensic report from the Corolla was irrelevant:

> [P]etitioner has failed to raise a prima facie basis for relief. Petitioner's prints and DNA were found on the stolen car, an Isuzu Rodeo. There is no showing that examining a Toyota Corolla was relevant to ruling out Petitioner as a suspect or that any other investigation would have resulted in a different result.

(Pet., Dkt. No. 8 (State Superior Court's Habeas Denial) at 10.)

Richardson's request for discovery of the forensic report is DENIED.

### 2. Internal Data from Cell Phone

At trial, the prosecutor alleged that Richardson obtained a new phone after the crimes were committed. Richardson seeks discovery of the internal data from his Metro PCS cell phone. Such records, he contends, will contradict the prosecutor's allegations.

There are at least two good reasons not to grant this request. First, no such report exists, a point petitioner concedes. (MFD at 2 ("Petitioner would request this court to have Metro PCS retrieve the internal date from the cell phone").) Because the report does not exist, Richardson cannot show the prosecutor withheld it. Defense counsel cannot have rendered ineffective assistance when he or she failed to obtain non-existent records. Second, the materials will not entitle him to relief. His Metro PCS cell phone records show that he activated his cell phone account on July 19, 2011, one day after Patino was kidnapped. That is consistent with the prosecutor's assertions at trial. Metro PCS had no other pertinent records.

Richardson's request for discovery of cell phone data is DENIED.

### 3. Police Report

Richardson asks for "full" discovery of "the complete police report" regarding the arrest of Reed. (MFD at 3.) He contends that there were four other persons with Reed at the time of his arrest. (*Id.*) He believes that police must have taken statements from these persons, statements that may be important. (*Id.*) "It is highly probable that these individuals made direct statements that refute the prosecution's theory, and it is highly

5

probable that these four individual[s] had relevant information in their statements as to the actual events of July 18, 2011, that remove petitioner as a suspect." (*Id.*)

Besides his speculation, Richardson offers no factual basis that "it is highly probable" reports other than those provided to his counsel exist. This falls far short of the requirement that he provide "objective, concrete factual evidence tending to support his theory." *Murphy*, 205 F.3d at 813-814. Because the request is based on speculation, Richardson has not shown that the prosecution withheld evidence in violation of *Brady* or that defense counsel failed to conduct a reasonable investigation or procure helpful evidence.

Richardson's request for "full" discovery of the police report is DENIED.

**CONCLUSION**

Richardson's motion for discovery is DENIED.

Richardson has filed a motion to amend his petition to include further evidence to support a claim. This motion (Dkt. No. 19) is DENIED as unnecessary. The Court will simply deem his filing as an exhibit attached to his petition. The contents of the exhibit will be considered when the Court examines the merits of the petition.

The Clerk shall terminate Dkt. Nos. 3 and 19.

**IT IS SO ORDERED.**

**Dated:** May 4, 2017

WILLIAM H. ORRICK
United States District Judge